HECHT *v.* EBERS.

PRINCIPAL AND AGENT—CONTRACTS—BREACH*

In reviewing a judgment for plaintiff in an action for breach of a contract of sale of a quantity of apples, the charge of the court, submitting to the jury the question of defendant's son's agency to enter into the contract, *held*, to be warranted by the evidence and *to* cover the issue in a sufficient manner.

Error to Kent; Perkins, J. Submitted October 7, 1915. (Docket No. 12.) Decided December 22, 1915.

Assumpsit by Isaac Hecht against Frank Ebers and Avery Ebers, before a justice of the peace, for breach of a contract of sale. From the judgment rendered, an appeal was taken to the circuit court, in which judgment was rendered for plaintiff against defendant Frank Ebers and in favor of defendant Avery Ebers. Defendant Frank Ebers brings error. Affirmed.

*Taggart & Taggart,* for appellant.

*G. A. Wolf,* for appellee.

BROOKE, C. J.   Plaintiff is a retail fruit dealer located in the city of Grand Rapids.   Defendant and appellant, Frank Ebers, is a fruit grower living near said city.   Defendant Avery Ebers is the son of Frank Ebers, and actively interested with his father in the production and sale of fruit.   Some time in the latter part of September, 1913, the son, Avery Ebers, inquired of the plaintiff if he wished to purchase some apples.   Upon being informed that he was in the market a conversation ensued, which resulted in a written contract in the following terms:

"Sold to I. Hecht about 500 bushels No. 2 apples all clear from worms at 30 cents per basket.   Delivered 248 Indiana St.   Paid $5.00.
     [Signed]                          "AVERY EBERS."

This contract was prepared by Avery Ebers, executed by him, and he received $5, paid on account by the plaintiff, Hecht.   At the time this contract was made a duplicate of it was made by Avery Ebers, except that the term "No. 2" was omitted.   Upon this contract two or three loads of apples were delivered by Avery Ebers, totaling 139 bushels.   Plaintiff made a demand upon defendant Frank Ebers to deliver the balance of the apples, but no further deliveries were made.   Plaintiff brought suit in justice's court for a breach of contract.   An appeal having been taken from the judgment there rendered, to the circuit court, a judgment was rendered against defendant Frank Ebers in the sum of $146.80, and in favor of defendant Avery Ebers.   Defendant Frank Ebers now reviews that judgment in this court.

Upon the trial plaintiff showed that the defendants were father and son, engaged in producing and selling fruit, and that he had on several occasions bought from

one or the other of them fruit which had been delivered. He showed that the wagon from which defendant sold fruit was labeled "Frank Ebers & Son," and that a similar sign was painted upon the barn located upon the farm owned by defendant Frank Ebers. Both defendants testified that sales of fruit were made indiscriminately by either. It was shown that defendant Frank Ebers, who claimed to be the sole owner of the fruit, had knowledge of the fact that his son, Avery Ebers, had entered into a contract with the plaintiff for the delivery of certain apples. He claimed, however, that the contract entered into was for apples "table sorts," instead of apples "No. 2" in quality. He denied the authority of his son to enter into a contract binding him to deliver in the future any specified quantity of apples of a specified quality.

The controlling question presented under the proofs was as to the authority of Avery Ebers to bind his father by the contract in question. Upon the question of agency the learned circuit judge charged the jury as follows:

"On the subject of agency you will take into consideration all the facts and circumstances in the case, the relation of the parties, what they did, their usual course of dealings, what was done with the proceeds, what instructions were given, if any, the conduct of the parties generally, and the nature of the transaction. * * *

"If you find that the son Avery had general authority from his father to make a contract like the one in question to sell apples, the product of the defendant Frank. Ebers' farm, then it would follow that the father would be bound by the acts of his son in making such a contract. It is immaterial in this case whether the memorandum was signed by Avery Ebers alone, or by his father, or whether Avery signed his father's name by him as agent. Earnest money was paid, $5, on the making of this memorandum; a part of the contract was carried out; 139 bushels of apples

were delivered. You have heard the testimony in the case as to what was done by both defendants, Avery Ebers and his father, Frank Ebers, in carrying out this contract, and what was done with the proceeds of the apples that were actually delivered. From all of these facts and circumstances, you are to say whether Avery Ebers had general authority to make the contract. If you find that he had, then Frank Ebers is liable in this action for the acts of his agent Avery. Of course, if you should find that Avery had no authority from his father to make this contract, then Avery would be responsible himself for a failure on his part to perform it. * * *

"In this case the burden of proof rests upon the plaintiff to establish his claim by a preponderance of the evidence. * * * If you are satisfied by a preponderance of the evidence that Avery Ebers was acting for and in behalf of his father, and as his father's general agent in making this contract with the plaintiff, then your verdict should be against Frank Ebers for the amount you may ascertain under the evidence and the instructions I have given you to be the plaintiff's damages. If you are not satisfied that he was such agent, then your verdict will be no cause of action against Frank Ebers, but your verdict will be against Avery Ebers for a like amount alone."

The first eight assignments of error relate to the receipt or exclusion of evidence. These have been examined with care, but we do not find them well founded.

Five assignments of error are based upon the refusal of the court to give the defendant's requests to charge. Under the evidence in the case we are of opinion that they were properly refused.

The remaining assignments are based upon alleged erroneous instructions to the jury. The charge, as quoted above, on the question controlling the issue, in our opinion properly stated the law of the case and adequately guarded the rights of the defendant. There was ample testimony in the case to support the finding of the jury that Avery Ebers had general authority

from his father to make the contract in question. An extended discussion of the several assignments of error would be profitless.

The judgment is affirmed.

PERSON, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.